In re TAMPA CHAIN COMPANY, INC., Debtor.

Barbara BALABER–STRAUSS, As trustee Tampa Chain Company, Inc., Plaintiff–Appellee,

v.

Wolf REICHARD and Leslie Blond, Defendants–Appellants.

No. 122, Docket 87–5017.

United States Court of Appeals, Second Circuit.

Submitted Nov. 17, 1987.

Decided Dec. 14, 1987.

Kaye, Scholer, Fierman, Hays & Handler (Arthur J. Steinberg, New York City, of counsel), for plaintiff-appellee Barbara Balaber–Strauss.

Wolf Reichard and Leslie Blond, defendants-appellants pro se.

Before LUMBARD, TIMBERS, and KEARSE, Circuit Judges.

PER CURIAM:

Defendants Wolf Reichard and Leslie Blond appeal *pro se* from an order of the United States District Court for the Southern District of New York, Robert L. Carter, *Judge,* dismissing for lack of prosecution their appeal to that court from an order of the United States Bankruptcy Court. For the reasons below, we stay the present appeal as to Reichard and affirm the order of the district court as to Blond.

*The Stay as to Reichard*

Defendants filed their appeal to this Court in April 1987. On June 22, 1987, Reichard filed a Chapter 13 bankruptcy petition in bankruptcy court. That petition automatically operated to stay the continuation of this appeal as to Reichard. *See* 11 U.S.C. § 362(a)(1) (1982); *Ostano Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d 206, 207 (2d Cir.1986). Relief from the effect of the automatic stay provisions of § 362(a)(1) may be granted only by the bankruptcy court. *See* 11 U.S.C. §§ 362(d) and (f) (1982); *Ostano Commerzanstalt v. Telewide Systems, Inc.,* 790 F.2d at 207. Reichard and the Plaintiff Trustee ("Trustee") are instructed to inform this Court when the bankruptcy court grants relief from the automatic stay or that stay lapses; until we receive such information, all proceedings herein with respect to Reichard are stayed.

*The Merits of the Present Appeal*

Defendants' appeal to the district court from the order of the bankruptcy court, which held defendants liable to the bankruptcy debtor's estate for approximately $1.5 million in damages, was filed in July 1986. At that time, defendants were represented by counsel. The bankruptcy appeal was docketed in the district court on September 3, 1986, and defendants were thus, under Fed.R.Bankr.P. 8009, required to file in the district court a brief in support of that appeal on or before September 18, 1986. No such brief was filed, and in April 1987, the Trustee urged the district court to dismiss the bankruptcy appeal on that ground. The Trustee has represented in her brief on the present appeal that at a conference held on April 9, 1987, the district court inquired as to why defendants had filed no brief on the bankruptcy appeal, and their attorney offered no reason or excuse for the failure to file. On April 13, 1987, noting that no brief had been filed as required by Rule 8009, the district court dismissed the bankruptcy appeal for failure to prosecute. The present appeal followed.

The time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines. *See, e.g., In re Beverly Manufacturing Corp.,* 778 F.2d 666 (11th Cir.1985). Rather, the court should exercise discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion. *See In re Braniff Airways, Inc.,* 774 F.2d 1303, 1305 (5th Cir.1985); *In re Beverly Manufacturing Corp.,* 778 F.2d at 667–68 (accepting appellant's argument that dismissal would be an abuse of discretion in absence of a showing of bad faith, negligence, or indifference). Whether or not, as suggested by *Beverly Manufacturing,* bad faith, negligence, and indifference are the only proper bases for a district court's exercise of its discretion to dismiss

a bankruptcy appeal, we see no abuse of discretion in the present case.

On appeal to this Court, defendants have not disputed the Trustee's description of the proceedings in the district court, to wit, that defendants filed no brief for some seven months after the due date, that their attorney offered no explanation or excuse for their failure to file a brief, and that the district court dismissed for failure to prosecute only after it had inquired as to the reason for the failure to file and was given no explanation. Nor do defendants suggest in this Court that any excuse or explanation is or was available. Indeed, their brief in this Court argues only the merits of their bankruptcy appeal, which of course are not before us, and does not even address the failure-to-prosecute ground of the district court's dismissal of that appeal.

In all the circumstances, there is no basis to conclude that the district court's dismissal of defendants' bankruptcy appeal was an abuse of discretion.

## CONCLUSION

The order of the district court dismissing defendants' bankruptcy appeal is affirmed as to Blond; the appeal is stayed as to Reichard in accordance with the terms of the present opinion.