**In re CUMBERLAND INVESTMENT CORPORATION.**

Civ. A. Nos. 90–0445 P, 90–0514 P.

United States District Court,
D. Rhode Island.

Oct. 29, 1991.

Joseph E. Marran, III, Oster & Groff, Lincoln, R.I., for Cumberland Inv. Corp.

Peter J. Furness, Hinckley, Allen, Snyder & Comen, Providence, R.I., for Eastland Bank.

John Paul Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., Trustee for Cumberland Inv. Corp. trustee.

Patricia (NMI) Antonelli, Office of the U.S. Trustee, Boston, Mass., for U.S. trustee.

Edward J. Bertozzi, Jr., Edwards & Angell, Providence, R.I., for John F. Cullen.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

On July 11, 1990, the Bankruptcy Judge denied a motion by Cumberland Investment Corporation (CIC) to strike the report of an appointed examiner. 116 B.R. 353. An appeal of this order was referred to a magistrate judge (magistrate) for Report and Recommendation; he recommended that the appeal be dismissed. I approve his recommendation. The appeal docketed as C.A. No. 90–0445 P is hereby dismissed.

On August 9, 1990, the Bankruptcy Judge appointed a Trustee for Cumberland Investment Corporation. 118 B.R. 3; the appeal of the order docketed as C.A. No. 90–0514 P is dismissed and the appointment is affirmed.

*C.A. No. 90–0445 P*

I.

In its brief, Eastland Bank (Eastland), appellee, accurately sets forth the chronology of this case:

1. On November 8, 1989, Eastland and two other creditors petitioned CIC into bankruptcy pursuant to filing of an involuntary petition under Chapter 7 of the Bankruptcy Code.

2. On December 6, 1989, CIC converted the involuntary Chapter 7 petition to a voluntary Chapter 11 proceeding and an appropriate order was entered by the Court.

3. On July 11, 1990, the Bankruptcy Court entered an Order denying CIC's "Motion to Strike Report of Examiner as a Sham and Deception."

4. On July 23, 1990, CIC, through its counsel, John Boyajian, filed a Notice of Appeal in the Bankruptcy Court of the July 11, 1990 order.

5. On August 9, 1990, the Bankruptcy Court entered an Order appointing John F. Cullen as Chapter 11 Trustee and directing the immediate discharge of the principals of CIC, including Mr. Chorney, his son Louis and others.

6. On August 31, 1990 the appeal was forwarded to the District Court and was assigned a docket number of C.A. 90–0445 (the "Examiner Report Appeal").

7. Pursuant to Bankruptcy Rule 8006, CIC was required to file a designation of record and issues on appeal no later than ten days after July 11, 1990.

8. Pursuant to Bankruptcy Rule 8009, CIC was required to file a brief on appeal no later than fifteen days after August 31, 1990.

9. CIC has never filed a Designation of Record and Issues on Appeal or an Appellate Brief.

10. On September 14, 1990, Joseph E. Marran, III entered an appearance on behalf of Harold S. Chorney, a former principal of the Debtor.

11. Mr. Chorney, through his counsel, Mr. Marran, filed a Designation of Record and Issues on Appeal on September 21, 1990.

12. Mr. Chorney also filed motions for extensions of time within which to file an appellate brief on September 21, 1990, November 9, 1990 and February 15, 1991.

13. On January 18, 1991, an order was entered by this Court granting Chorney an extension of time in which to file a brief to February 18, 1991.

## II.

It is obvious from the foregoing that CIC, as such, never filed a designation of record or a statement of issues on appeal as required by Bankruptcy Rule 8006; nor did it file a motion to extend the time for compliance, as required by Bankruptcy Rule 8002(c).[1] The magistrate reasoned

---

1. Rule 8002. Time for Filing Notice of Appeal

(c) Extension of time for appeal

The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

Rule 8006. Record and Issues on Appeal

Within 10 days after filing the notice of appeal as provided by Rule 8001(a) or entry of an order granting leave to appeal the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within seven days after the service of the statement of the appellant the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal and, if the appellee has filed a cross appeal, the appellee as cross appellant shall file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. A cross appellee may, within seven days of service of the statement of the cross appellant, file and serve on the cross appellant a designation of additional items to be included in the record. The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall immediately after filing the designation deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

Rule 8009. Briefs and Appendix; Filing and Service

that these inadvertences were fatal, even though Chorney filed motions to enlarge time and entered a record and issues on appeal and an appellate brief. The magistrate concluded, "his entries do not satisfy the burden on CIC to submit such documents." Findings and Recommendations at 281.

The magistrate was correct. Chorney's appeal cannot inure to the benefit of CIC since it is a corporation, a separate legal entity which must act on its own. *See* Fletcher, 1 Cyclopedia Corporation, § 7.05; 11 U.S.C. § 101(35) and 11 U.S.C. § 109.

### III.

■ This Court's jurisdiction to hear appeals from decrees of bankruptcy judges and the further proceedings to the Court of Appeals is set forth in 28 U.S.C. § 158(a), (c). This statutory provision provides that the time governing such appeals shall be as provided by Rule 8002 of the Bankruptcy Rules, set forth in the margin *supra.* Counsel for defendant argues, and I agree, that:

> [t]he Federal Rules of Appellate Procedure govern the procedure in civil proceedings taken to the court of appeals, Fed.R.App.Pro. 1(a), and they contain many detailed provisions not specifically adopted by the Bankruptcy Rules. It

therefore seems logical to conclude that the drafters of 28 U.S.C. § 158 intended the detailed provisions of the Federal Rules of Appellate Procedure to govern where the Bankruptcy Rules are silent or incomplete on a particular matter.

I also note that Local Rule 45(a) of this Court requires that notices of appeal be filed "in accordance with the Federal Rules of Appellate Procedure."

From all of this, I conclude that Fed. R.App.P. 3(c) applies here. It is logical that it should. Indisputably in this case, I am in an appellate posture and the reasoning I have recited is equally applicable to this appellate level. The interest of orderly procedure is best served by resorting to Rule 3(c); since my position is analogous to that of the appellate court, I, like the appellate court, "enlist the cooperation of the party seeking review in order to facilitate the reviewing task." *See In re C.S. Crawford & Co.*, 423 F.2d 1322 (9th Cir.1970).

■ Fed.R.App.P. 3(c) requires "[t]hat the notice of appeal shall specify the party or parties taking the appeal...." Here the notice of appeal, which was not perfected, specified CIC as the appellant—not Chorney. Appellate courts insist on punctilious adherence to the mandate of this rule. Such a purist construction of Rule 3(c) is necessary to prevent bankruptcy litigation

(a) Briefs

Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

(2) The appellee shall serve and file a brief within 15 days after service of the brief of appellant. If the appellee has filed a cross appeal, the brief of the appellee shall contain the issues and argument pertinent to the cross appeal, denominated as such, and the response to the brief of the appellant.

(3) The appellant may serve and file a reply brief within 10 days after service of the brief of the appellee, and if the appellee has cross-appealed, the appellee may file and serve a reply brief to the response of the appellant to the issues presented in the cross appeal within 10 days after service of the reply brief of the appellant. No further briefs may be filed except with leave of the district court or the bankruptcy appellate panel.

(b) Appendix to brief

If the appeal is to a bankruptcy appellate panel, the appellant shall serve and file with the appellant's brief excerpts of the record as an appendix, which shall include the following:

(1) The complaint and answer or other equivalent pleadings;

(2) Any pretrial order;

(3) The judgment, order, or decree from which the appeal is taken;

(4) Any other orders relevant to the appeal;

(5) The opinion, findings of fact, or conclusions of law filed or delivered orally by the court and citations of the opinion if published;

(6) Any motion and response on which the court rendered decision;

(7) The notice of appeal;

(8) The relevant entries in the bankruptcy docket; and

(9) The transcript or portion thereof, if so required by a rule of the bankruptcy appellate panel.

An appellee may also serve and file an appendix which contains material required to be included by the appellant but omitted by appellant.

from becoming mired "in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order." *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 642 (2d Cir.1988).

I look, therefore, to the action of CIC in determining the efficacy of this appeal.

My research fails to reveal any First Circuit opinions relative to the construction of Bankruptcy Rule 8009(a)(1) requiring timely filing of briefs. However, the weight of authority is clear:

> The time limitations imposed by Rule 8009 are not jurisdictional, and hence the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines. *See e.g., In re Beverly Manufacturing Corp.*, 778 F.2d 666 (11th Cir.1985).

*In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir.1987). In the exercise of my discretion, the appeal must be denied. CIC's utter failure to perfect or at any time pursue its appeal mandates this conclusion.

■ Furthermore, for other reasons, it is clear that Chorney is not the proper party to prosecute this appeal. In eclectic fashion, I borrow from the appellee's brief, which correctly asserts that "a person must be a 'person aggrieved,' that is, his rights or interests must be 'directly and adversely affected pecuniarily' by the order. *In re El San Juan Hotel,* 809 F.2d 151, 154 (1st Cir.1987); *Cosmopolitan Aviation Corp. v. New York State Department of Transportation,* 763 F.2d 507, 513 (2d Cir.) *cert. denied,* 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985) (quoting *Fondiller v. Robertson,* 707 F.2d 441, 441 (9th Cir.1983))." Appellee's Brief at 1.

The order appointing the examiner instructed him to evaluate the debtor's assets to assist the Bankruptcy Judge. The order did not encroach on any of Mr. Chorney's rights; Mr. Chorney again fails.

■ Next, Mr. Chorney moves to strike the report on allegations that the appraiser was not a disinterested party and had been identified as a convicted felon. Accepting, arguendo, that abuse of discretion by the Bankruptcy Judge in denying Chorney's motion to strike is appealable, I deny the appeal and sustain the Bankruptcy Judge's ruling. My reading of the record does not "[leave me] with definite and firm conviction that a mistake has been committed." *In re Wolverton Associates,* 909 F.2d 1286, 1292 (9th Cir.1990). "The factual findings of the bankruptcy court cannot be set aside unless clearly erroneous...." *In re Calvert,* 907 F.2d 1069, 1071 (11th Cir.1990).

The appellant's charge that the Bankruptcy Judge abused his discretion is unwarranted. The judge considered Chorney's allegations, and I quote his words, as did the appellee in its brief:

> Harold Chorney's allegations of bias, prejudice, conspiracy, conflict of interest and slander, all without meaningful evidentiary support, are rhetorical and not substantive. The assertions are general in nature, without supporting facts, and are characteristic of the wide-ranging and poorly-defined allegations typically seen in laymen's pleadings. The evidence has demonstrated, however, that the coin industry in general appears to be plagued with conflict of interest and confidentiality problems, attributable, partially, at least, to the network nature of the business, and the close knit association of dealers and investors regularly involved in the silver dollar trading community. Therefore, the fact that the backgrounds of numismatists Nos. 1 and 2 turned out to be less than ideal is not surprising, and that fact, by itself, cannot support the Debtor's motion to strike the examiner's Report Number Two.

(Decision and Order p. 1–2).

.      .      .      .      .

> ... [A]fter hearing, we find no evidence that the examiner either intended to or conspired to misrepresent any of his findings or conclusions. On the contrary, we conclude that the examiner was performing and complying with his court appointed duties impartially, and without prejudice of the Debtor's conduct and/or financial affairs.

(Decision and Order p. 2).

The appellant finally argues that the inventory was switched. The judge found

that Chorney "fabricat[ed] the theory that the bank had switched the inventory ... there is no credible evidence to support this irresponsible allegation, and we agree with the examiner and the bank that Chorney's belated raising of this issue, only after the publication of Report Number Two, constitutes relevant and material evidence of its falsity." (Decision and Order p. 3.)

### C.A. No. 90–0514 P

■ The question here is whether or not the Decision and Order of the Bankruptcy Judge, entered August 9, 1990, appointing a Trustee for Cumberland Investment Corporation should be set aside. The Bankruptcy Court's Decision and Order is affirmed.

Again I point out that the clearly erroneous standard must be applied in reviewing the Bankruptcy Court's findings of fact. *In re VVF Communications Corp.*, 41 B.R. 546 (Bankr.D.C.1984).

The appellant presents a number of arguments in support of his contention that the Bankruptcy Court's Decision and Order should be overturned: failure of the court to afford him the right to effective representation by counsel; abuse of discretion by the judge in finding that Financial Privacy Consultants is an alter ego of the debtor-in-possession; and the finding that the relationship of the trustee's attorney's law firm to Eastland Bank violated the requirement of disinterestedness so as to have tainted the trustworthiness of the Examiner's reports.

These are fact-based issues. After review of the memoranda submitted by counsel, pertinent portions of the transcript, and the judge's thoughtful opinion of August 9, 1990, I cannot say he was clearly erroneous. Indeed, I agree with him. The Bankruptcy Court's analysis of the voluminous evidence clearly supports his conclusion that the interest of the creditors required the appointment of a Chapter 11 Trustee "forthwith."

The reasons for the immediate discharge of the principals of CIC, including Chorney, who were in possession, were well documented by the judge: repeated failure to respond adequately to continuing allega-

tions of misconduct; misrepresentation of the valuation of the inventory; inconsistency of positions; and "unauthorized and transparent business operation through fraudulently concocted alter egos such as Financial Privacy Consultants which [were found] to be nothing more than an undisclosed agent of the debtor-in-possession." These findings are well founded in the evidence, and the foregoing is only a partial list. To carry on and again laboriously echo another analysis of the testimony, I believe, would be superfluous. However, I wish to elaborate on the appellant's contention that the court abused its discretion in not permitting him to have an attorney of choice.

■ At the hearing relative to the appointment of a trustee, the appellant appeared with an attorney. This attorney represented him relative to potential criminal charges resulting from an investigation being conducted by the State Attorney General and the Federal Government regarding his involvement with the debtor, Cumberland Investment Corporation. Mr. Chorney argued he had no attorney to represent him in the bankruptcy matter; and the criminal lawyer emphasized that he was not competent in bankruptcy law, and that his appearance was merely to protect the appellant from possible self-incrimination during any testimony. Nevertheless, the court ordered the lawyer to enter a general appearance; the appellant contends this order was an abuse of discretion and denied him representation by competent counsel.

For several reasons appellant Chorney's argument is meritless. To begin with, as the appellee points out, Cumberland Investment Corporation, not Mr. Chorney, objected to the motion for appointment of a trustee, and the corporation was represented by competent counsel and so its interests were protected. Secondly, Chorney was notified prior to the hearing which spanned three days. He elected not to engage a lawyer in spite of the fact that he was advised to do so by the court "many times." Tr. at 11. True, Chorney had a right to have retained counsel, but having been fully informed, he

elected to appear at the hearing without a so-called bankruptcy lawyer. He has no cause to complain. His posture on the day of the hearing was of his own making. He cannot now claim he was denied due process. *Figueroa v. Secretary of Health, Education and Welfare,* 585 F.2d 551 (1st Cir.1978); *Ramirez v. Secretary of Health, Education and Welfare,* 528 F.2d 902 (1st Cir.1976).

The Bankruptcy Court's Orders and Findings are affirmed; the appeal is dismissed.

SO ORDERED:

### Findings and Recommendations

JACOB HAGOPIAN, United States Magistrate Judge.

Before the Court is a joint motion by Eastland Bank, debtor, and Chapter 11 Trustee to dismiss the appeal of Cumberland Investment Corporation to the July 11, 1990 order. My findings and recommendations are proposed pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rules of Court 32(c)(2).

### Statement of the Case

Cumberland Investment Corporation ("CIC") was petitioned into bankruptcy pursuant to an involuntary petition under Chapter 7 of the Bankruptcy Code on November 8, 1989. The petition was converted into a voluntary Chapter 11 proceeding on December 6, 1989, and an appropriate order was entered by the Court.

After a hearing on Eastland Bank and two other creditors' Motion for Appointment of a Chapter 11 Trustee, the Court denied the Motion and appointed an Examiner. Following the unsealing of the Examiner's Report Number Two on May 24, 1990, CIC entered a "Motion to Strike Report of Examiner as a Sham and Deception." This Motion was denied by the Bankruptcy Court on July 11, 1990.

On July 23, 1990, through its attorney, John Boyajian, CIC filed a timely Notice of Appeal in the Bankruptcy Court. The appeal was forwarded to the District Court and assigned a docket number of C.A. 90–0445 on August 31, 1990. According to Bankruptcy Rule 8006, appellant's designation of items and statement of issues was due within ten days following the filing of the Notice, August 2, 1990. The appellate brief was due within fifteen days after the docketing of the appeal, September 15, 1990, pursuant to Bankruptcy Rule 8009.

Various Motions to Enlarge Time to file appellant's brief were filed by Mr. Chorney, former President of CIC, through his attorney, Joseph Marran. A record and issues on appeal was entered by Mr. Chorney on September 21, 1990, and an appellate brief was also filed by Mr. Chorney on April 4, 1991.

### Discussion

In support of their motion to dismiss, appellees attempt to distinguish between CIC and Chorney as parties to the appeal. Such a distinction determines whether or not the necessary documents for an appeal process have been filed. By classifying the filed designation of items and statement of issues on appeal and appellate brief as that of Chorney, appellees assert that CIC has not taken any further action than filing a Notice of Appeal, and accordingly the appeal should be dismissed.

The Notice of Appeal filed on July 23, 1990, was instituted in the name of CIC by its attorney, John Boyajian. To further this appeal, CIC had the duty to timely file the documents required by Bankruptcy Rules 8006 and 8009. No additional documents have been prepared by CIC's attorney in support of this appeal.

Through his own counsel, Chorney has entered, apparently on behalf of CIC, a designation of items and statement of issues on appeal and an appellate brief to complete the appeal process. However, his entries do not satisfy the burden on CIC to submit such documents.[1] Therefore, this Court has no choice but to view these doc-

---

1. In his Memorandum, Chorney does not purport to be the representative of CIC in this appeal. Memorandum, p. 1.

uments as never having been filed by CIC, the named appellant.

Dismissal of an appeal is warranted in instances involving bad faith, negligence or indifference. *In re Tampa Chain Co.*, 835 F.2d 54, 55 (2nd Cir.1987). The failure of an appellant to take steps further than the timely filing of a notice of appeal may provide sufficient grounds for its dismissal. Bankruptcy Rule 8001(a). In *In re Quevedo*, 35 B.R. 117 (D.C.P.R.1983), the court found it proper to dismiss an appeal for failure to file a brief or request an extension. Where the brief to an appeal had not been filed nineteen and one half months after the entry of appeal, the claim was dismissed. *Matter of Braniff Airways, Inc.*, 774 F.2d 1303 (5th Cir.1985). The passage of seven months without the filing of a brief coupled with the failure to explain the delay was held sufficient grounds to dismiss the appeal for lack of prosecution. *In re Tampa Chain Co.*, 835 F.2d at 54.

Here, CIC has taken no further action since filing a notice of appeal. As stated above, it has failed to file a designation of items and a statement of issue and an appellate brief to complete the appeal process, and no further action by CIC is foreseeable in the near future.[2] Therefore, the appeal to the order of July 11, 1990 should be dismissed for indifference resulting in a lack of prosecution.

### Recommendation

For the foregoing reasons, the appellees' Motion to Dismiss the appeal of Cumberland Investment Corporation should be granted. I so recommend to the court.[3] August 30, 1991.

---

**2.** This is especially so in light of the fact that the Trustee supports dismissal.

**3.** Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to timely file specific objections to the magistrate judge's Recommendation, Findings or Report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).