67 F.3d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry Keith HALEY, Petitioner-Appellant,
v.
STATE of Oklahoma, Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 95-6228.
(D.C.No. CIV-94-1924-M)
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Larry Keith Haley (Haley), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's dismissal of his petition for a writ of habeas corpus without prejudice.
 
 
 3
 Haley is currently serving a life sentence at the Lexington Correctional Center in Lexington, Oklahoma, pursuant to his plea of guilty to the charge of first degree murder. On November 18, 1994, Haley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. In his petition, Haley alleged that: his sentence should be reduced to forty-five years because the Pardon and Parole Board uses a forty-five year term to calculate a parole consideration date for an inmate sentenced to life; his life sentence is indeterminate under Okla. Stat. Ann. tit. 57, 353 (West 1995); he was denied equal protection because he was singled out and returned to "medium and maximum facilities"; and Okla. Stat. Ann. tit. 57, 138 (West 1995) was applied to him ex post facto.
 
 
 4
 On December 19, 1994, the state filed a Motion to Dismiss for Failure to Exhaust State Remedies. United States Magistrate Judge Blasdel entered a minute order directing Haley to respond to the motion to dismiss by January 10, 1995, and informing him that failure to respond may result in the motion being deemed confessed. Haley did not respond to the motion to dismiss and on February 3, 1995, the Magistrate recommended that his petition be deemed confessed and dismissed without prejudice.
 
 
 5
 On February 16, 1995, Haley filed an objection to the Magistrate's Report and Recommendation. In his objection, Haley argued that his petition should not be deemed confessed because his pro se habeas petition was equivalent to an affidavit and that as a pro se litigant, he should be held to a less stringent standard. However, Haley provided neither a explanation or excuse for his failure to respond, nor a substantive response.
 
 
 6
 On June 8, 1995, the district court adopted the Magistrate's Report and Recommendation, granted the state's motion to dismiss, and dismissed Haley's petition without prejudice.
 
 
 7
 On appeal, Haley's reiterates his claims that: he was denied equal protection, Okla. Stat. Ann. tit. 57, 138 was applied ex post facto, and he was entitled to "good time" credit based on a forty-five year sentence.
 
 
 8
 Although we liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir.1992), cert. denied, --- U.S. ---- (1993); Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir.1994). The district court granted the state's motion to dismiss because Haley failed to comply with Local Rule 14(A) of the United States District Court for the Western District of Oklahoma. Local Rule 14(A) provides that:
 
 
 9
 Any motion, application or objection which is not opposed within fifteen (15) days, as set out above, shall be deemed confessed. The court may, in its discretion, shorten or lengthen the time in which to respond.
 
 
 10
 In Meade v. Grubbs, 841 F.2d 1512, 1519 n. 5 (10th Cir.1988), we held that Local Rule 14(A) afforded discretion to the district court. Therefore, we review the dismissal of Haley's petition for abuse of discretion.
 
 
 11
 After reviewing the record on appeal, we hold that the district court acted within its discretion in dismissing this petition without prejudice. Haley does not dispute the cited rule violation. In fact, he does not even attempt to present an explanation or excuse for his noncompliance. Haley was specifically warned of the consequences of noncompliance and had ample opportunity to respond. Under these circumstances, we will not disturb the district court's determination that dismissal was warranted. See In re Tampa Chain Co., 835 F.2d 54, 56 (2nd Cir.1987) (affirming district court's dismissal of appeal where pro se appellants "argue[d] only the merits of their bankruptcy appeal, which of course are not before us, and d[id] not even address the failure-to-prosecute ground of the district court's dismissal of that appeal").
 
 
 12
 We AFFIRM substantially for the reasons set forth in the Magistrate's Report and Recommendation of February 3, 1995, and the district court's Order of June 8, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470