**UNITED STATES COURT OF APPEALS**
**Filed 7/30/96**
**TENTH CIRCUIT**

CURTIS L. MURRAY, JR.,

    Plaintiff - Appellant,

    v.

PIZZA HUT, INC.,

    Defendant - Appellee.

No. 96-7032

(E.D. Oklahoma)

(D.C. No. CV-95-262-B)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Curtis L. Murray, Jr., a black male, brought this pro se action against Pizza Hut of America ("Pizza Hut"), alleging claims for defamation, negligence, and civil rights violations.[1] Finding no genuine issue as to any of the material facts, the district court granted summary judgment after Murray failed to object or otherwise respond to Pizza Hut's motion for summary judgment within the time prescribed under Local Rule 14(a) of the United States District Court for the Eastern District of Oklahoma. Murray appeals, we affirm.

## I.

The following facts are undisputed for summary judgment purposes. On September 21, 1994, Murray called to order two pizzas from Pizza Hut for delivery. The manager took down the order and asked for the address. The manager then responded that he would be unable to deliver because the address was on a mailbox instead of the house and "his drivers couldn't identify the house from the mailbox." R. Vol. I, Tab 35, Ex. A at 14 (Dep. of Murray). After approximately ten minutes, the conversation ended

---

[1]Murray's complaint also listed the city of Tahlequah, Oklahoma, the Tahlequah Chief of Police, and Officer Dale Lee Glory. An order of dismissal was entered as to the Chief of Police and Officer Glory as they were never served. Docket Sheet, Status and Scheduling Conference Mins. dated Oct. 5, 1995; see id., Doc. 22, Order dated Oct. 6, 1995. The city of Tahlequah was dismissed by stipulation. Id., Doc. 41, Stipulation dated Jan. 29, 1996. Pizza Hut is the only defendant before us on appeal.

with Murray informing the manager that he and his friends would come in for take-out and the manager replying, "Come on down." Id. at 15.

Murray and two friends then drove down to the Pizza Hut restaurant, and after waiting a few minutes for service, the manager came out. Whereupon Murray said, "I'm the gentleman that called a while ago, and we had a problem with the address. And so I'd like to order a take out pizza. And I also wanted to tell you that you've delivered there at this present location at least twenty times. And do you not deliver?" Id. at 17. The manager replied, "We still deliver, but I can't deliver at the house with no address." Id.

Murray continued to debate Pizza Hut's delivery policy with the manager until the manager finally said, "Hey, brother, I can't help you out." Id. Murray claims that the manager then began mocking Murray's speech and told Murray that if he and his friends "don't like [Pizza Hut's delivery policy], you need to leave." Id. at 18. After further protestations from Murray, the manager then said, "Listen, I don't have to serve you, nigger, if I don't want to." Id. The argument escalated to the point where the manager threatened Murray by asking him outside to fight. When Murray refused, the manager said, "Bring your black ass outside, and I'm going to show you some manners." Id. at 19; id., Ex. B at 14 (Dep. of Brian R. Swepston). Murray's complaint, filed on May 30, 1995, followed, claiming feelings of humiliation, embarrassment, mental anguish, and damage to his business reputation resulted from the incident. Despite being unable to show any

actual damages, Murray asked for $10,000,000 for his "mental suffering" and $50,000,000 in exemplary damages.

## II.

We review the district court's grant of Pizza Hut's motion for summary judgment de novo, applying the same legal standard as the district court under Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995). A motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Local Rule 14(a) of the United States District Court for the Eastern District of Oklahoma requires a memorandum in opposition to motions, such as summary judgment, within ten days after the filing of the motion and provides that "[f]ailure to comply . . . will constitute waiver of objection by the party not complying, and such failure to comply will constitute a confession of the matters raised by such pleadings." Murray failed to submit such a memorandum or otherwise respond to Pizza Hut's motion for summary judgment "[a]fter proper notice of the pendency of the Motion." R. Vol. I, Tab 42 (Order). The district court then ruled, in accordance with the terms of Rule 14(a), that (1) in failing to respond, Murray confessed the content of Pizza Hut's motion, resulting in

no genuine issue of material fact, and (2) in failing to oppose Pizza Hut's legal authorities, Pizza Hut was entitled to summary judgment as a matter of law.

On appeal, Murray does not contest the cited rule violation or even attempt to offer an excuse or explanation for his noncompliance with Rule 14(a). Cf. Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (holding it would not "disturb the district court's determination that dismissal was warranted" when plaintiffs failed to dispute the cited rule violations); Balaber-Strauss v. Reichard (In re Tampa Chain Co.), 835 F.2d 54, 56 (2d Cir. 1987) (affirming the district court's dismissal of appeal where appellants "argue[] only the merits of their bankruptcy appeal, which of course are not before us, and does not even address the failure-to-prosecute ground of the district court's dismissal of that appeal"). Instead, Murray (1) urges leniency because he is a pro se plaintiff and (2) argues there are disputed issues of fact. Both contentions are without merit.

First, although we liberally construe pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), Murray's pro se status does not excuse his obligation to comply with the same rules of procedure that govern other litigants. Nielsen, 17 F.3d at 1277; Green v. Dorell, 969 F.2d 915, 917 (10th Cir. 1992); cert. denied, 507 U.S. 940 (1993); see also Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994) ("[A]n appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."), cert. denied, 115 S. Ct. 750 (1995). Second, a party opposing a motion for summary judgment may not

simply allege that there are disputed issues of fact; rather, the party "must set forth specific facts showing that there is a genuine issue of material fact for trial." Fed. R. Civ. P. 56(e). Murray, however, failed to respond to Pizza Hut's summary judgment motion and must therefore rest upon the allegations asserted in his pleadings. Fed. R. Civ. P. 56(e) requires that summary judgment be entered where appropriate when this occurs.

On appeal, Murray only argues that there is a material issue of fact for his claims under 42 U.S.C. § 1981 and for Pizza Hut's "gross negligence/negligence." Accordingly we do not consider his claim of defamation. See State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994); see also Dixon v. City of Lawton, 898 F.2d 1443, 1449 n.7 (10th Cir. 1990) (issue will be deemed abandoned if not argued in the party's appellate brief). After a thorough review of the record, we conclude that Murray has failed to set forth specific facts showing that there is a genuine issue for trial and that even in the light most favorable to Murray, the evidence he presented "is merely colorable [and] not significantly probative." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).[2]

Murray claims his civil rights were violated under 42 U.S.C. § 1981. Section 1981, designed to enforce the Thirteenth Amendment, provides all persons "the same

---

[2]We note that the statement of undisputed facts in Pizza Hut's motion for summary judgment was derived almost exclusively from the depositions of Murray and his friend Brian R. Swepston. Therefore, the district court, even in considering Pizza Hut's motion without objection, had before it Murray's view of the sequence of events. See R. Vol. I, Tab 35, at 5-6.

right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To prevail under § 1981, the plaintiff must prove intentional discrimination based on race. General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982); Durham v. Xerox Corp., 18 F.3d 836, 839 (10th Cir.), cert. denied, 115 S. Ct. 80 (1994). We conclude that Pizza Hut clearly came forward with sufficient nonpretextual reasons for the manager's actions. We also conclude that Murray failed to rebut these reasons.

The record supports Pizza Hut's contention that Murray was denied pizza delivery because of a problem with the address. Murray has produced nothing to indicate that refusal was motivated by racial animus, racial districting of the delivery route, or any other racially motivated reason. There is not even an allegation that the manager knew Murray was black when he refused to deliver the pizza or that the area itself is predominantly black. Likewise, in the restaurant, the record shows that the manager did not ask Murray to leave until he had wearied of the delivery discussion.[3] See Dartmouth Review v. Dartmouth College, 889 F.2d 13, 18 (1st Cir. 1989) ("'Disputes generally arise out of mutual misunderstanding, misinterpretation and overreaction, and without more,

---

[3]After continued debate over Pizza Hut not delivering to Swepston's house, the manager said, "I'm sorry, brother, but we can't deliver out there. And if you and your friends don't like it, you need to leave." Murray responded, "Sir, this is the second time that I've been done this way at Pizza Hut." The manager then retorted, "Listen, I don't have to serve you, nigger, if I don't want to." R. Vol. I, Tab 35, Ex. A at 18 (Dep. of Murray).

such disputes do not give rise to an inference of discrimination.'") (quoting Johnson v. Legal Servs. of Ark., Inc., 813 F.2d 893, 896 (8th Cir. 1987)).

The racial slurs attributed to the manager are reprehensible, but are not actionable, per se, under § 1981, nor do they, in this instance, show that racial animus prevented Murray from making a contract. See Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1133 (4th Cir. 1988) ("General use of [racial aspersions is] . . . not conclusive evidence . . . of racial animus . . . ."); see also Stearnes v. Baur's Opera House, Inc., 788 F. Supp. 375, 378 (C.D. Ill. 1992) (the manager's racial remark "may demonstrate . . . gross insensitivity," but does not "in and of itself . . . establish a claim under the Civil Rights Act").[4]  Thus, even affording Murray the most favorable reading available from the facts and arguments in his complaint, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Murray is unable to show that he was intentionally discriminated against on account of race.

Murray also contends that Pizza Hut was negligent through its manager's "making statements of 'Nigger' in reference to Plaintiff and refusing to offer and render required

---

[4]We note, without discussion, that even if Murray could sustain a § 1981 claim against the manager, he would still have to prove Pizza Hut's vicarious liability.  See Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 983 (10th Cir. 1991) (affirming summary judgment because there was no evidence of the defendant's personal involvement) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981) (noting that the Supreme "Court has refused to accept § 1983 actions premised on theories of respondeat superior) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976)).

service." R. Vol. I, Tab 3, at 6 (Complaint). To prove negligence in Oklahoma, Murray must prove that Pizza Hut owed Murray a duty, that Pizza Hut breached that duty, and that damages were proximately caused by Pizza Hut's breach. Grover v. Superior Welding, 893 P.2d 500, 502 (Okla. 1995). Murray clarifies on appeal that Pizza Hut's duty to him stems from § 1981. Because we have found Murray's claim fails under § 1981, it necessarily fails here for substantially the same reasons enunciated above.

Accordingly, we find that Pizza Hut's motion for summary judgment was meritorious and properly granted.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge