In re Thomas R. Brown, Sr., Debtor.

COLUMBIA NATIONAL,
INC., Appellant

v.

Thomas R. BROWN, Sr., Appellee.

Civil Action No. 3:04 CV 1713(CFD).

United States District Court,
D. Connecticut.

Dec. 15, 2008.

Frederick A. Dlugokecki, Naugatuck, CT, for Debtor.

Molly T. Whiton, HARTFORD, CT, for Trustee.

## *RULING ON BANKRUPTCY APPEAL*

CHRISTOPHER F. DRONEY, District Judge.

Appellant Columbia National, Inc. ("Columbia") appeals the decision of the Bankruptcy Court in the Chapter 13 bankruptcy case of Thomas R. Brown, Sr. ("Brown," or the "Debtor") granting the Debtor's motion to modify his Chapter 13 plan. This modification allowed the Debtor to enforce against Columbia the terms of a stipulated bifurcation of Columbia's claim into secured and unsecured portions, despite that bifurcation's absence from the previously confirmed version of the plan.[1] Columbia argues *inter alia* that the Bankruptcy Court erred in concluding (1) that res judicata did not apply, (2) that the modification was permissible under 11 U.S.C. § 1329. For the reasons set forth below the Bankruptcy Court's decision is reversed.

## I. Background[2]

Brown filed for Chapter 13 bankruptcy protection on May 7, 2002. At that time, Columbia held a mortgage lien on real property held by Brown, with a total amount of $120,633.43 due on the loan. The fair market value of the property at that time was less than the amount of the loan, resulting in Columbia's holding an undersecured claim. On August 22, 2002, the Bankruptcy Court granted Brown's motion to determine the status of claims pursuant to 11 U.S.C. § 506 (the "Bifurca-

tion Order"). The parties stipulated to a bifurcation of Columbia National's claim into a secured claim in the amount of $101,000 (agreed to represent the fair market value of the property) and an unsecured claim in the amount of $15,740.

The Bankruptcy Court confirmed the Debtor's First Amended Chapter 13 Plan on December 12, 2002. In this plan, the Debtor referred to the Bifurcation Order with respect to the claim of another creditor, but did not make use of the Bifurcation Order with respect to Columbia's claim. Instead, the Debtor opted to provide for payment of the arrearage in Columbia's mortgage (in an amount of $9,734.76), while the Debtor would continue, outside the plan, to make mortgage payments as they became due. In choosing this payment plan, the Debtor effectively chose not to avail himself of what is referred to as the "strip and pay" option, which would have allowed the Debtor to avoid foreclosure by paying in full the secured portion of the claim within the time frame of the plan.[3] Instead, the Debtor chose the "cure and maintain" option, which allows a debtor to avoid foreclosure by curing the arrearage on the mortgage while maintaining the existing payment schedule on the loan, outside of and in addition to the other terms of the Chapter 13 Plan. These options are mutually exclusive. *See In re Koper*, 284 B.R. 747 (Bankr.D.Conn.2002).

By May, 2004, the property had appreciated in value to $186,000, and the Debtor filed motions with the Bankruptcy Court for approval to sell the property, to modify

---

**1.** *See* Memorandum Order on Motion to Modify Plan by Bankruptcy Judge Albert S. Dabrowski, Sept. 8, 2004 (Bankr.Case No. 02–32254 ASD).

**2.** The Court assumes the parties' familiarity with the facts of this case and includes here a simplified account of only those facts relevant to this appeal.

**3.** This choice may have been necessitated by the lack of sufficient funds to complete payments under this option, or it may have been an oversight by the Debtor's lawyers. The Bankruptcy Court found only that the modification later proposed was made in good faith.

the plan so as to incorporate the Bifurcation Order's stipulated bifurcation of Columbia's claim, and to adopt the "strip and pay" option to pay off the secured portion of the claim, rather than the "cure and maintain" option that had been present in the original plan. The Bankruptcy Court overruled Columbia's objection and granted the motions on September 8, 2004.

## II. Applicable Law

### A. Standard of Review

Pursuant to Bankruptcy Rule 8013 and caselaw thereunder, a bankruptcy court's conclusions of law are reviewed *de novo*, and its factual findings are reviewed under a "clearly erroneous" standard. *In re JLM, Inc.*, 210 B.R. 19, 23 (2nd Cir.BAP1997) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Bonnanzio*, 91 F.3d 296, 300 (2d Cir.1996)). Fed. R. Bankr.P. 8013 provides that "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." This standard affords great deference to the bankruptcy court's determination. A finding of fact is clearly erroneous within the meaning of Rule 8013 when "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP 2000), aff'd without opinion 242 F.3d 367 (2d Cir.2000). Mixed questions of law and fact are presumptively subject to *de novo* review. *Id.* (citing *In re Bammer*, 131 F.3d 788 (9th Cir.1997)).

### B. Modification of Plans Under Bankruptcy Code Sections 1327 and 1329

Section 1327(a) of the Bankruptcy Code states that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Section 1329 of the Code allows for modification of a confirmed plan. This section provides that

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to -

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan. . . .

(b)(1) . . . the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

11 U.S.C. § 1329.

## III. Discussion

The Bankruptcy Court's order allowing modification of the Debtor's Plan cited to 11 U.S.C. § 1329 and noted that the proposed modification was "not part of an abusive agenda intended to frustrate the rights and reasonable expectations of Columbia." The Court does not find any

"clear error" in this factual finding; however, the Bankruptcy Court's conclusion of law, that 11 U.S.C. § 1329 supported the proposed modification, was erroneous. Section 1329(a)(1) allows modification to "increase or reduce the amount of payments on claims of *a particular class* provided for by the plan." *Id.* (emphasis added). However, the proposed modification did not change the payments to a particular class of creditors, but rather to a single creditor. The modification did not fall under the provision in Section 1329(a)(1), nor was it permitted under the other exceptions to the finality of a confirmation order noted in Section 1329.[4]

The Court also notes that the Debtor has failed to file a brief in response to this appeal. *See* Docket # 23, Order directing Appellee to file his brief by December 12, 2008. The appellant's brief was filed on January 7, 2005, and the Debtor's only subsequent filing was a motion to dismiss the appeal as moot filed on February 9, 2005 [Dkt. # 8]. Accordingly, this Court has discretion to dismiss the appeal based on the appellee's negligence and apparent indifference to the resolution of this matter. *See In re Godt,* 282 B.R. 577, 582–83 (E.D.N.Y.2002) (citing *In re Tampa Chain Co.,* 835 F.2d 54, 55 (2d Cir.1987)).

## IV. Conclusion

For the foregoing reasons, the order of the bankruptcy court is REVERSED. The Clerk is ordered to close this case.

---

4. The Bankruptcy Court's order also failed to indicate whether the analysis required by 11 U.S.C. § 1325(a) had been conducted to determine whether the debtor and the Plan met the eligibility requirements for confirmation, as required by 11 U.S.C. § 1329(b)(1), and the Bankruptcy Court's order did not contain any finding of a change in circumstances related to the debtor's ability to pay. *See In re Klus,* 173 B.R. 51, 57–61 (Bankr.D.Conn.1994).