FILED
United States Court of Appeals
Tenth Circuit

March 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  REID P. LESTER,

    Debtor.

------------------------------

REID P. LESTER,

    Appellant,

v.

JOLI LOFSTEDT, Chapter 7 Trustee,

    Appellee.

No. 17-1255
(D.C. No. 1:17-CV-00888-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

    Reid Lester, proceeding pro se, seeks review of a district court order dismissing his appeal from an adverse judgment of the bankruptcy court.  Mr. Lester also seeks leave to proceed in forma pauperis (IFP) on appeal.  We deny the IFP request and affirm the district court's judgment.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.      Background

Mr. Lester appealed the bankruptcy court's judgment to the district court but did not pay the appellate filing fee.  On June 6, 2017, the district court denied Mr. Lester's motion to proceed IFP, directed him to pay the filing fee within thirty days, and informed him that failure to pay would result in dismissal of his bankruptcy appeal.  On July 10, 2017, the district court dismissed the bankruptcy appeal without prejudice for failure to pay the filing fee and for failure to prosecute.  Mr. Lester filed a timely notice of appeal to this court designating the district court's dismissal order as the order being appealed.  *See* Fed. R. App. P. 3(c)(1)(B) (stating notice of appeal must, among other things, designate the order being appealed).

## II.     Discussion

Mr. Lester's opening brief on appeal does not address the district court's grounds for dismissing the case.  Instead, it challenges only the merits of the bankruptcy court's judgment.  Therefore, the appellee filed a motion to strike Mr. Lester's brief.  In his response to the motion, Mr. Lester contends he paid the filing fee on June 19, 2017, and the district court "later reversed the Dismissal Order."  Lester's Response to Motion to Strike, at 2.  The record does not, however, reflect that the district court reversed its dismissal order.  On the contrary, in a minute order dated July 18, 2017, the district court rejected Mr. Lester's attempt to demonstrate that he paid the filing fee, stating that it was untimely and was submitted to the wrong court.

2

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation, brackets, and internal quotation marks omitted). Because Mr. Lester failed to address the merits of the district court's judgment of dismissal in his opening brief, we deem any challenge to the judgment waived. *See COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1223 (10th Cir. 2016) ("Appellants do not raise this argument in their opening brief, and so it is waived."), *cert. denied*, 137 S. Ct. 475 (2016); *see also Balaber-Strauss v. Reichard (In re Tampa Chain Co.)*, 835 F.2d 54, 56 (2d Cir. 1987) (affirming district court's dismissal of appeal where appellants "argue[d] only the merits of their bankruptcy appeal, which of course are not before us, and [did] not even address the failure-to-prosecute ground of the district court's dismissal of that appeal").

In his reply brief, Mr. Lester claims he paid the filing fee and that the "payment was then routed to the correct department." Aplt. Reply Br. at 2. We generally deem waived arguments raised for the first time in a reply brief. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."). Even if we were to consider this argument, *see Garrett*, 425 F.3d at 840 (indicating that appellate court may have discretion to review issues raised in inadequate briefing), this cursory claim is not supported by a citation to the record, *see* Fed. R. App. P. 28(a)(8)(A) (requiring

3

appellant's brief to contain "citations to . . . parts of the record on which the appellant relies"), and is contrary to the district court's July 18, 2017, minute order.  Nor has he demonstrated that the payment was routed to the correct court.  Consequently, it is insufficient to demonstrate error in the dismissal order, so we affirm the judgment of dismissal.

## III.  Conclusion

Mr. Lester seeks leave to proceed IFP in this appeal.  The district court denied leave to proceed IFP on appeal.  We agree with the district court that this appeal was not taken in good faith, as Mr. Lester has stated no basis for challenging the propriety of the court's dismissal order.  We thus deny Mr. Lester's request to proceed on appeal IFP and remind him that he remains obligated to pay all appellate fees to the district court.

Appellee's motion to strike Mr. Lester's appellate brief is denied as moot.  The district court's judgment of dismissal is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge