Aleja RAMIREZ, Plaintiff-Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant-Appellee.

No. 75–1129.

United States Court of Appeals,
First Circuit.

Jan. 26, 1976.

Horacio R. Subira Hijo, San Juan, P. R., on brief for plaintiff-appellant.

Rex E. Lee, Asst. Atty. Gen., Julio Morales Sanchez, U. S. Atty., Morton Hollander, and John M. Rogers, Attys., App. Section, Civ. Div., Dept. of Justice, were on brief, for defendant-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Appellant Aleja Ramirez applied for disability benefits under 42 U.S.C. § 423, claiming that asthma and arthritis made it impossible for her to work. The Secretary of Health, Education and Welfare found that she had failed to establish a disability before 1963, when she last met the special earnings requirements of § 423, and denied the application. The district court affirmed, and this appeal followed.

Appellant's claim of disability was supported only by a report by a Dr. Jose Villeneuve and by the testimony at the administrative hearing of appellant and her sister. Appellant testified at the hearing that Dr. Villeneuve had treated her since 1959, but the report indicated that he first examined her on June 18, 1969. After the hearing, the administrative law judge contacted Dr. Villeneuve to resolve the conflict. The doctor stated that while he might have seen appellant prior to 1969, he had no available record so indicating.

We agree with the district court that the Secretary's decision is supported by substantial evidence. It is uncontested that appellant did not meet the earnings requirement of 42 U.S.C. § 423(a)(1), (c)(1)(B) after 1963, and yet her only medical evidence related to a period beginning in 1969. That she and her sister testified to earlier disability is not enough. Her burden was to show an impairment that was "medically determinable," *id.* at § 423(d)(1)(A), (d)(3); *see Reyes Robles v. Finch,* 409 F.2d 84, 86 (1st Cir. 1969); and while we do not say that there may never be a case where a plaintiff can satisfy that burden without medical evidence, certainly such a case would be rare. In a case like this, calling for proof of disability some years ago as a result of such common ailments as asthma and arthritis, the secretary could insist that claimant produce "adequate medical evidence." *Stille v. Weinberger,* 499 F.2d 244, 247 (6th Cir. 1974). Here, there was no medical evidence as to the period in which the earnings requirement was met, despite the ample opportunity afforded appellant to present such evidence and the efforts of the administrative law judge to secure it independently.

Appellant urges that she was prejudiced by lack of assistance of counsel at the administrative hearing. However, while appellant had a right to have retained counsel present at the hearing, the record clearly shows that she waived that right. Informed of the right to counsel by letter (in Spanish) before the hearing, she responded in writing that she did not wish to be represented. And asked at the hearing if she still wished to represent herself, she said that she did. There is nothing to indicate that appellant was in any way misled, or that her hearing was in any way unfair. *See Steimer v. Gardner,* 395 F.2d 197, 198–99 (9th Cir. 1968).

*Affirmed.*