**Zolio Fermin FIGUEROA, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant, Appellee.**

No. 78–1053.

United States Court of Appeals, First Circuit.

Submitted Sept. 7, 1978.

Decided Oct. 31, 1978.

Lawrence Odell, Hato Rey, P. R., on brief, for plaintiff, appellant.

Julio Morales Sanchez, U. S. Atty., San Juan, P. R., William Kanter, Atty., Dept. of Justice, Washington, D. C., Borge Varmer, Regional Atty., and Barry J. Reiber, Asst. Regional Atty., Dept. of Health, Ed. and Welfare, New York City, on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This is an action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a decision of the Secretary of Health, Education and Welfare denying appellant Fermin Figueroa's claim for a period of disability and for disability insurance benefits under sections 216(i) and 223 of the Act, 42 U.S.C. §§ 416(i), 423. The district

court affirmed the Secretary's decision. Appellant challenges the judgment for the Secretary on two grounds: first, that the Secretary's determination that he was not under a disability is not supported by substantial evidence; and second, that appellant was denied due process in that he was not represented by counsel, he was denied an opportunity to cross-examine the vocational expert who testified as to his ability to work, and he was foreclosed from introducing certain evidence.

■ Appellant claims disability on the basis of epileptic seizures. Epilepsy is an impairment that may render a person disabled, see 20 C.F.R. Part 404, Subpart P, App. 11.00–.03, but its existence does not eliminate each claimant's obligation to demonstrate that he is unable as a result "to engage in any substantial gainful activity." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A).

The evidence at the hearing before the administrative law judge showed that appellant had experienced a number of epileptic seizures, for which he was hospitalized, but indicated that recurrence of them was in large measure preventable through medication. Even appellant acknowledged that the attacks had been controlled by the medication he was taking. He suffered but two seizures during the nine-month period immediately preceding the hearing before the administrative law judge.[1] A neurological examination by Dr. Ramirez de Arellano found the only adverse effect of appellant's ailment, other than the seizures themselves, to be diminished sensation in his left hand. Dr. Ramirez evaluated appellant's functional residual capacities as virtually unimpaired, except for an inability to tolerate the occupational hazards of heights and moving machinery. A psychiatric evaluation performed by Dr. Zegarra de Polo diagnosed appellant as having epilepsy and a mild depressive neurosis. Dr. Zegarra concluded that appellant's prognosis was favorable with adequate care, and recommended seizure control therapy and possible vocational rehabilitation. A vocational expert, Dr. Senior, testified that appellant could not return to his previous position as an electrician, and that other occupations involving climbing and similar dangers were contraindicated. Appellant could, however, perform a variety of other described jobs. These included some jobs appellant previously had held: service station manager, kitchen helper, and furniture assembler. Dr. Senior testified that these jobs existed in substantial numbers in Puerto Rico, including, although this is not required, in appellant's immediate home area. See 42 U.S.C. § 423(d)(2)(A).

■ We conclude that the medical reports and vocational testimony constitute substantial evidence supporting the determination that appellant's epilepsy, as controlled, is not itself disabling. See Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). We are troubled, however, by the Secretary's treatment, or rather non-treatment, of appellant's claim that the side effects of the medication prevent him from working. Appellant testified that the medication required to control his epilepsy makes him so sleepy, hot, and ill-tempered as to disable him from working. In support of this claim he presented evidence of the types and amounts of medication he was receiving, in the form of certification by the prescribing physicians. Beyond this, no medical evidence in the record indicates whether appellant's medication was in unusually large doses or whether its side effects were disabling. The reports of Drs. Ramirez and Zegarra were silent regarding these questions.

■ While appellant's support for his claim of disabling side effects from the medication was not strong, we feel that the

---

1. This relative infrequency contrasts sharply with the impairment description of epilepsy that the Secretary has specified by regulation. Epilepsy is described therein as consisting of either "major motor seizures . . . occurring more frequently than once a month in spite of prescribed treatment" or "minor motor seizures . . . occurring more frequently than once weekly in spite of prescribed treatment." 20 C.F.R. Part 404, Subpart P, App. 11.02, 11.03.

Secretary's response was inadequate.[2] The Secretary's own regulations recognize that medication itself may create problems in some instances if "unusually large doses" are necessary to obtain adequate seizure control. 20 C.F.R. Part 404, Subpart P, App. 11.0. The present record contains no medical evidence regarding whether appellant's medication was in "unusually large doses" or whether its side effects might conceivably be disabling. While appellant's claim may be exaggerated, a layman is in no position to make any such determination on this record. It would have been appropriate for the administrative law judge to have sought further medical evidence, or to have made some further inquiry, since appellant raised the question. See Thompson v. Califano, 556 F.2d 616, 618 (1st Cir. 1977); Miranda v. Secretary, 514 F.2d 996 (1st Cir. 1975). At very least, the administrative law judge should have made a finding on appellant's claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored. We conclude, therefore, that good cause is shown to remand to the Secretary for the limited purpose of receiving evidence on this one point.[3] The Secretary should take additional evidence on the side effects of the required medication, and in light thereof render a new decision on whether or not appellant is disabled within the meaning of the Act. In the meantime, the present decision is to stand vacated.

■ We deal briefly with appellant's procedural claims although they assume diminished practical importance in light of our remand order. The contention that appellant's lack of legal representation at the administrative hearing violated due process is frivolous. He was fully informed of his right to have retained counsel present at the hearing, both in writing in the notice of hearing and orally at the hearing, but elected to proceed without counsel. Although appellant stated at the hearing that he had not known he could be represented by counsel, there is not the slightest evidence that he was misled or that any fault was other than his own. See Ramirez v. Secretary, 528 F.2d 902, 903 (1st Cir. 1976).

■ Appellant asserts that he was denied an effective opportunity to cross-examine the vocational expert, Dr. Senior, since he did not know of, and what was not told of, his right to cross-examine, 20 C.F.R. § 404.-929; see Richardson v. Perales, supra, 402 U.S. at 409–10, 91 S.Ct. 1420. Appellant, however made no request to cross-examine. While the administrative law judge does not have an absolute duty to advise an unrepresented claimant of his right to cross-examine and while we would seldom regard this omission as by itself reason for remand, we think that the administrative law judge should, as a matter of courtesy and fairness, ask an unrepresented claimant if he has any questions he wishes to ask of a witness. While most pro se claimants can be expected to indicate in some manner that they wish an opportunity for cross-examination, see Cross v. Finch, 427 F.2d 406, 408 (5th Cir. 1970), this is less likely to be the case for a claimant whose culture and background does not include the Anglo-Saxon legal traditions. Here, the administrative law judge seemed to recognize that the claimant's lack of representation by counsel heightened his investigative duty, Cutler v. Weinberger, 516 F.2d 1282, 1286 (2d Cir. 1975), because his questioning of both the vocational expert and appellant was fair, searching and even-handed. See Richardson v. Perales, supra, 402 U.S. at 410, 91 S.Ct. 1420.

**2.** The Secretary's obligation to conduct a reasonable investigation does not depend upon the claimant's sustaining his burden of proof in every particular. The rules regarding burden of proof and reasonable diligence on the claimant's part "resist translation into absolutes, . . . because social security proceedings are not strictly adversarial." Pelletier v. Secretary, 525 F.2d 158, 161 (1st Cir. 1975); Miranda v. Secretary, 514 F.2d 996, 998 (1st Cir. 1975).

**3.** 42 U.S.C. § 405(g) provides in part that "[t]he court . . . may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both . . . ."

Appellant argues that the administrative law judge prevented him from introducing certain medical evidence that he was not sure the judge had received. Documents that appear to be essentially what appellant offered to introduce do appear in the record that the Secretary considered, however. If those documents were in fact what appellant sought to introduce, then clearly appellant was not prejudiced. Assuming appellant's proffered evidence did not make its way into the record considered by the Secretary, his attack on the Secretary's decision fails because he has made no showing that the evidence was relevant to, much less necessary for, the Secretary's decision. *Cf. Hutchinson v. Weinberger*, 399 F.Supp. 426, 428 (E.D.Mich.1975); *Long v. Richardson*, 334 F.Supp. 305, 306 (W.D.Va. 1971) (showing required to justify remand for the introduction of further evidence).

*The judgment of the district court is vacated, and the case is remanded to the district court for entry of an order remanding to the Secretary for further proceedings in accordance with this opinion.*