Vitalina GUZMAN, Plaintiff,

v.

Joseph CALIFANO, as Secretary of
Health, Education and Welfare,
Defendant.

No. 79 Civ. 0606.

United States District Court,
S. D. New York.

Nov. 19, 1979.

As Amended Jan. 18, 1980.

Lloyd B. Silverman, Bronx Legal Services Corp., New York City, for plaintiff by Howard Sherman, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for defendant by Jane E. Bloom, Asst. U. S. Atty., New York City, of counsel.

MEMORANDUM OPINION

SOFAER, District Judge:

This is yet another disability appeal where a Legal Aid or Legal Services attorney seeks a remand so that the applicant will have an opportunity to present his or her case in the Social Security Administration with benefit of counsel. However well the legal profession has come to recognize that administrative law cases, particularly for social benefits, are usually won or lost in the agency process, the legal services bar seems regularly to appear in disability cases only at the District Court level, after the applicant has been denied relief by a hearing officer and by the Appeals Council. This practice—whatever may be the reasons for it—is detrimental to benefit applicants, and wasteful of judicial and administrative

resources. Ms. Guzman's predicament is illustrative.

After unsuccessfully applying for disability insurance benefits, Ms. Guzman requested a hearing. This request was granted, and she was notified to appear on June 14, 1978.

Plaintiff received adequate notice of her right to counsel. In a notice of hearing dated May 15, 1978, plaintiff was notified that her hearing would be held on June 14, 1978. The notice indicated in bold face capitals that she should "READ THE BACK OF THIS NOTICE VERY CAREFULLY." Tr. 14. The back of the notice indicated that

"While it is not required, you may be represented at the hearing by an attorney or other qualified person of your choice. If you wish to be represented by an *attorney* and cannot afford it, your local social security office will provide a list of offices where you may be able to obtain such representation." (Tr. 15).

The applicant, who is forty-seven years old, appeared at the hearing with her daughter, but without counsel. The Administrative Law Judge (ALJ) said to Ms. Guzman: "You were advised in the notice of hearing . . . of your right to be represented by an attorney or other qualified person of your choice. You're not required to be so represented and due to the fact your [sic] appearing today in your own behalf, I assume you're ready to proceed with your hearing . . . is that correct?" This, plaintiff's counsel now contends, "seemingly dissuaded plaintiff from obtaining counsel." Brief 4. Because plaintiff was speaking through a translator, had limited education, and was unskilled in law, the ALJ's statement "was not adequate notice," her attorney argues.

■ Disability applicants are notified of their right to counsel in the written notice of hearing, not only at the hearing. In this case, the ALJ's colloquy with Ms. Guzman made clear that she knew of her right to counsel, and she specifically confirmed to the hearing officer that she was ready to proceed without counsel. Tr. 21. This is adequate notice of the right to counsel at a disability hearing. *Ramirez v. Secretary of HEW,* 528 F.2d 902 (1st Cir. 1976); *Cross v. Finch,* 427 F.2d 406 (5th Cir. 1970).

■ Plaintiff's attorney argues, nevertheless, that a remand is proper here because the ALJ failed adequately to protect Ms. Guzman's rights. Substantial prejudice must be shown to justify a remand, however. *Cutler v. Weinberger,* 516 F.2d 1282 (2d Cir. 1975). Plaintiff now claims the ALJ should have called as a witness Ms. Guzman's daughter, who would have corroborated Ms. Guzman's testimony. The ALJ told Ms. Guzman, however, that she could introduce evidence. How much further must (or should) the hearing officer go? As it is, the ALJ questioned petitioner on a number of relevant issues, and found her testimony lacking in credibility. Tr. 26–38. What if the daughter (or any other witness called by a hearing officer) were even less credible? Would it be proper for the denial of relief to rest on the testimony of a relative or other witness called by an administrative judge? Would this be a proper practice also in cases where an applicant has been found believable? Other arguments for why the ALJ caused substantial prejudice in the absence of counsel are even less persuasive. For example, an ALJ surely cannot be required to "secure additional medical evidence" because a petitioner claims to take Traxine and APC's for a nervous condition. Tr. 29, 30. What if further inquiry established that petitioner's condition was far less serious than she contended? Would the ALJ then have been deemed to have acted as a prosecutor rather than as a neutral judge?

■ The petitioner also contends that a remand is necessary to inquire into a letter from petitioner's employer that supports her contention that, as a diabetic, she has no control over the frequency with which she urinates. The ALJ reviewed considerable medical evidence of petitioner's condition. Records from the Hunt's Point Multi-Service Center revealed that petitioner had failed to follow the prescribed course of

medication for her condition, and that when she did her condition was controllable. Tr. 84–95. An examination by Dr. David Moritz in May 1978 indicated that applicant's condition was far less serious than she contended. Tr. 10, 97–100. A conclusory statement from Metropolitan Medical Services that plaintiff is a diabetic and in the doctor's opinion "is not able to work *at the present*" is worth very little if any weight. Tr. 96. The ALJ had a sufficient basis in objective data to support the conclusion that petitioner's condition was not as serious as she claimed. Under the circumstances, it was entirely proper for the ALJ to rely also on the finding that petitioner's testimony that she could not walk more than one block, and that she urinated every five minutes, was not credible.

In retrospect, an able attorney, such as petitioner's counsel in this court, could well envision several ways in which petitioner's claim could have been more forcefully presented. These deficiencies in the record—including petitioner's apparently exaggerated testimony—cannot be blamed on the ALJ, however. Under our system of adjudication, no hearing officer (or judge) will ever be an equivalent substitute for a lawyer devoted exclusively to a party's interests. Cases such as the present one will repeatedly arise until the legal services bar translates into action the now commonplace observation that agency cases are usually won or lost at the agency level.[1] It is in general too late here to do the applicant any good. Even assuming a court were to order a remand in this, or some other, particular case, the institutional defect remains until sufficient resources and ingenuity are applied to its solution.

The complaint is dismissed for failure to state a claim upon which relief may be granted. F.R.Civ.P. 12(c).

SO ORDERED.

---

1. How this should be done is a matter which will require constructive thought. Perhaps a partial solution would be to ask agencies such as S.S.A. to give applicants who are granted hearings a telephone number and address to call for legal assistance. Perhaps the time has come to have legal services assistants (even paraprofessionals would help) assigned daily to the agency to help unrepresented applicants.