802 F.2d 456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry D. DALPRA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-3414.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1986.
 
 Before KEITH, NELSON and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment affirming the denial of Social Security disability insurance benefits sought by a claimant who suffers from schizophrenia. We shall remand the case for further consideration of the effects of the medication the claimant is required to take for his schizophrenia.
 
 
 2
 The claimant, who has an eighth grade education, held a job from 1973 to 1981, His duties consisted of placing a pulley in a welding machine, pressing two buttons, and removing the pulley. Although the claimant suffered from schizophrenia during the years he was employed, and was hospitalized for that condition from time to time, he seems to have had an exceptionally indulgent employer, and he was able to retain his job until July of 1981. He has not worked since then.
 
 
 3
 The claimant's illness reached an extreme in 1980 when, thinking that his wife was "after him," the claimant shot her while she slept. His schizophrenia has been controlled somewhat by medication since that time, but he alleges that he is unable to hold a job because of, among other things, the drowsiness caused by the medication.
 
 
 4
 All the physicians who have treated the claimant over the last several years agree that he suffers from paranoid schizophrenia. Though medication has had a positive effect on this, the claimant was hospitalized in December 1982 for an "acute exacerbation" of the illness. Such "attacks" are expected to occur intermittently in the future. The treating physicians say that the claimant is unable to hold a job or to withstand the ordinary pressures and stress of daily work activities.
 
 
 5
 Non-treating physicians consulted by the Bureau of Disability Determination say that the claimant is able to perform routine, low-stress work. Those doctors confirm that the claimant's medication causes drowsiness, but they have not specifically addressed the effect of the medication on his ability to perform his past work.
 
 
 6
 The administrative law judge found that the claimant failed to establish that his impairments met or equaled the Listing of Impairments contained in Appendix 1 to Subpart P of the Social Security Administration Regulations No. 4. The ALJ further found that the claimant could perform past work of operating a welding machine, and concluded that the claimant was therefore not disabled. The Appeals Council, the magistrate, and the district court all agreed.
 
 
 7
 We cannot tell, from the record before us, to what extent the medication that the claimant must take to control his schizophrenia impairs his ability to function and to perform his past work. Does the medication, for example, make the operation of machinery unduly hazardous? Here, as in Figueroa v. Secretary of HEW, 585 F.2d 551 (1st Cir. 1978), there is good cause to remand to the Secretary for the limited purpose of receiving evidence on the effect of the medication.
 
 
 8
 The judgment of the district court is therefore VACATED, and the case is REMANDED to the district court for entry of an order remanding to the Secretary for further proceedings in accordance with this opinion.