David MUNSON, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

Civil No. 02–34–B–S.

United States District Court, D. Maine.

Aug. 29, 2002.

David A. Chase, MacDonald, Chase & Szewczyk, Bangor, ME, for plaintiff.

James M. Moore, U.S. Attorney's Office, Bangor, Peter S. Krynski, Social Security Disability, Litigation—Answer Section, Office of the General Counsel, Falls Church, VA, Eskunder Boyd, Assistant Regional Counsel, Office of the Chief Counsel, Boston, MA, for defendant.

### ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed August 9, 2002 the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that the commissioner's decision is *VACATED* and the cause *REMANDED* for reevaluation consistent with the recommended decision of the magistrate judge.

### REPORT AND RECOMMENDED DECISION [1]

DAVID M. COHEN, United States Magistrate Judge.

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who suffers from anxiety and depression, has no severe impairment. I recommend that the decision of the commissioner be vacated and remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R.

§§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.1982), the administrative law judge found, in relevant part, that the plaintiff had anxiety and depression, Finding 3, Record at 17; that he did not have any impairment that significantly limited his ability to perform basic work-related functions and therefore did not have a severe impairment; Finding 5, *id.;* and that he had not been under a disability at any time through the date of decision, Finding 6, *id.* The Appeals Council declined to review the decision, *id.* at 5–6, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso–Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981).

The administrative law judge reached Step 2 of the sequential process. Although a claimant bears the burden of proof at this step, it is a *de minimis*

---

**1.** This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on August 8, 2002, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.,* 795 F.2d 1118, 1123 (1st Cir.1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28).

The plaintiff asserts that remand for further proceedings is warranted inasmuch as the administrative law judge erred in (i) finding his mental impairments non-severe and (ii) ignoring the issue of medication side effects. Statement of Specific Errors ("Statement of Errors") (Docket No. 3). The first point is not persuasive; however, the second point has merit, warranting remand for further proceedings.

## I. Discussion

### A. Severity of Mental Impairments

█ The Record reveals that in January 1999, after receiving pharmacological treatment (including Valium, Zoloft and Xanax) for more than a year from family-practice physicians for "anxiety with panic attacks" and depression, the plaintiff consulted clinical psychologist Peter J. Ippoliti, Ph.D., for additional evaluation and treatment. Record at 182–85 (report dated February 19, 1999); *see also, e.g., id.* at 233, 265, 267. Dr. Ippoliti diagnosed the plaintiff as having anxiety disorder NOS [*i.e.,* non-specific], depressive disorder NOS and a "GAF," or global assessment of functioning, score of 60. *Id.* at 184.[2] He also provisionally diagnosed the plaintiff as suffering from "personality traits or coping style effecting [sic] medical condition." *Id.* Dr. Ippoliti, who judged the plaintiff's prognosis to be "fair," *id.* at 185, continued to treat him through at least November 1999, *id.* at 285–89.

After reviewing Dr. Ippoliti's February 1999 report, two non-examining Disability Determination Services ("DDS") consultants concurred that the plaintiff suffered from mental impairments, but both judged those impairments to be non-severe. *See id.* at 205–13 (report dated April 16, 1999 by Brenda Sawyer, Ph.D.); 268–76 (report dated July 19, 1999 by David R. Houston, Ph.D.). Dr. Sawyer did not mention Dr. Ippoliti's GAF finding; Dr. Houston noted it without comment. *See generally id.*

In his decision, the administrative law judge summarized Dr. Ippoliti's findings, including that concerning GAF. *Id.* at 15–16. He then added, "Individuals with this GAF [of 60] are described as having moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks), or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with co-workers)". *Id.* at 16.[3] Nonetheless, he ultimately concluded:

---

**2.** A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed., text rev. 2000) ("DSM–IV–TR"). The GAF score is taken from the GAF scale, which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF scale ranges from 100 (superior functioning) to 1 (persis-

tent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 34.

**3.** The administrative law judge provided no citation for this proposition, nor do I find it anywhere in the Record. However, counsel for the plaintiff correctly points out that it

The undersigned finds that credibility is a problem in this case and agrees with the assessments by DDS (Exhibits 14F and 15F) that ... although there is evidence of an anxiety disorder with some dysphoria, the claimant's impairments are not severe. The undersigned has completed the attached Psychiatric Review Technique Form (PRTF) to reflect these conclusions.

*Id.*

The plaintiff makes three basic points concerning the administrative law judge's treatment of his mental impairments: (i) it is "impossible to reconcile the ALJ's crediting Dr. Ippoliti's report and GAF of 60 (moderate impairments) with his completion of the PRT[,]" (ii) Dr. Ippoliti's evaluation was improperly dismissed on the basis of findings concerning the plaintiff's credibility, and (iii) the finding of non-severity was not supported by any evidence of record. Statement of Errors at 2.

None of these points carries the day. The plaintiff overstates his case in suggesting that the administrative law judge "credit[ed]" Dr. Ippoliti's report. The administrative law judge simply summarized the Ippoliti report, then went on to make clear that he agreed with the assessments of the DDS consultants (Drs. Sawyer and Houston). *See* Record at 15–16. In any event, the plaintiff does not cite, nor can I find, authority for the proposition that a GAF of 60 is inherently inconsistent with a finding of non-severe mental impairment.[4] The DSM–IV definition makes clear that such a rating can mean either that a person has moderate symptoms or moderate

difficulty in social, occupational or school functioning. Thus, moderate symptoms do not necessarily result in moderate deficits in occupational and social functioning. Tellingly, neither of the two DDS psychological experts (Drs. Sawyer and Houston) perceived the GAF of 60 as inconsistent with their determination that the plaintiff's mental impairment was non-severe.

Nor did the administrative law judge improperly dismiss Dr. Ippoliti's findings on the basis strictly of his assessment of the plaintiff's credibility. Rather, he adopted the findings of Drs. Sawyer and Houston, which he deemed consistent with his view of the evidence overall, including his findings concerning credibility. Finally, the plaintiff errs in suggesting that no evidence of record supports the administrative law judge's conclusion of non-severity; the PRTFs of the DDS consultants (Drs. Sawyer and Houston) clearly do.

**B.  Medication Side Effects**

■ In his second and final claim of error, the plaintiff asserts that the administrative law judge erred by ignoring the issue of the side effects of his medication, which was raised at hearing and supported by medical record of evidence. Statement of Errors at 3. I agree.

At hearing, the plaintiff's representative stated that the plaintiff suffered side-effect-related difficulties with anti-anxiety medications and that a current medication, Trazodone, made him "very groggy in the morning." Record at 310–11. The record contains some corroboration for this claim. Thomas Frey, M.D., reported that during a so-called "stage I" exercise test held on February 2, 1999, the plaintiff demonstrat-

---

derives from the DSM–IV. *See* Statement of Errors at 1–2; DSM–IV–TR at 34.

4. A mental impairment generally is considered non-severe for purposes of Step 2 if the degree of limitation in three functional areas-

activities of daily living, social functioning, and concentration, persistence or pace—is rated as "none" or "mild" and there have been no episodes of decompensation. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

ed a "moderate reduction" in exercise test level achieved, "most likely ... reflect[ing] his underlying anxiety and depressive illnesses" but also possibly "a result of medication side effects." *Id.* at 226. In addition, impartial medical expert Charles O. Tingley, Jr., Ph.D., testified at hearing that long-term use of benzodiazepams such as Valium has a tendency to cause depression in some people, and that in the plaintiff's case, "I think the complicated factor is the medication problem which is the problem of reaction to SSRIs and maybe dependence on benzos. That may be complicating this picture a bit, relating to energy, stamina issues, relating to mood disturbance, related to possible dependence of the benzos. That's my concern." *Id.* at 328–29.

Given that the plaintiff pressed a colorable claim that he suffered side effects seemingly of a "severe" nature for Step 2 purposes, "[a]t the very least, the administrative law judge should have made a finding on [the plaintiff's] claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored." *Figueroa v. Secretary of Health, Educ. & Welfare,* 585 F.2d 551, 554 (1st Cir.1978).

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the cause **REMANDED** with instructions to reevaluate (with such additional evidence taking, if any, as the commissioner may deem necessary) the question whether, in view of the plaintiff's claimed side effects of medication, his impairments are non-severe for Step 2 purposes. I further recommend that the commissioner be instructed to continue the sequential-evaluation if, upon reevaluation, those impairments are found to be severe.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*