Kevin H. STEWARD, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV. 01–248–B–S.

United States District Court, D. Maine.

Aug. 30, 2002.

Francis Jackson, Jackson & MacNichol, Portland, ME, for Kevin H Steward, plaintiff.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Peter S. Krynski, Social Security Disability, Litigation—Answer Section, Office of the General Counsel, Falls Church, VA, Christopher A. Michaels, Office of General Counsel, Social Security Administration, Boston, MA, for Social Security Administration Commissioner, defendant.

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

No objections having been filed to the Magistrate Judge's Recommended Decision filed August 12, 2002 the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that the commissioner's decision is *AFFIRMED*.

## REPORT AND RECOMMENDED DECISION [1]

DAVID M. COHEN, United States Magistrate Judge.

The Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the following issues: whether the plaintiff effectively waived counsel at his hearing before the administrative law judge, whether the administrative law judge evaluated the evidence appropriately and whether there was substantial evidence to support the findings of the administrative law judge with respect to the plaintiff's credibility and pain and to the administrative law judge's ultimate conclusion. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.1982), the administrative law judge found, in relevant part, that the plaintiff met the disability insured status requirements of the Social Security Act on July 31, 1998, the date on which he stated he became unable to work, and had acquired sufficient quarters of coverage to remain insured through at least March 31, 2002, Finding 1, Record at 16; that he had not engaged in substantial gainful activity since July 31, 1998, Finding 2, *id.*; that he had psoriasis, a history of back strain and

1. This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on August 8, 2002, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

a history of alcoholism, in remission, Finding 3, *id.;* that his statements concerning his impairments and their impact on his ability to work were not entirely credible, Finding 4, *id.;* that he did not have any impairment that significantly limited his ability to perform basic work-related functions and accordingly did not have a severe impairment, Finding 5, *id.* at 17; and that he had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 6, *id.* The Appeals Council declined to review the decision, *id.* at 4–5, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.,* 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso–Pizarro v. Secretary of Health & Human Servs.,* 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rodriguez v. Secretary of Health & Human Servs.,* 647 F.2d 218, 222 (1st Cir.1981).

In this case the administrative law judge reached Step 2 of the sequential evaluation process. The plaintiff bears the burden of proof at Step 2, but it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.,* 795 F.2d 1118, 1123 (1st Cir.1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on the individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28).

## Discussion

### Right to Counsel

■ The plaintiff appeared at the hearing before the administrative law judge without an attorney. Record at 21. Now represented by counsel, he contends that his statutory right to be represented by counsel at that hearing was violated because the administrative law judge "failed to adequately discuss the Plaintiff's right to counsel." Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 4) at 7. The following colloquy took place at the outset of the recorded hearing:

ALJ: ... Mr. Steward is appearing pro[ ]se by choice, but [ ]is accompanied by his wife, Mary, who is here with his consent. Mr. Steward, am I right in saying that you're, that you've made a choice to go ahead and represent yourself today rather than having an attorney with you?

CLMT: Yes, sir.

ALJ: That's your wish? All right.

Record at 21. The statute to which the plaintiff refers is apparently 42 U.S.C. § 406(a), which provides in relevant part: "An attorney in good standing who is admitted to practice before the highest court of the State ... or the inferior Federal courts[ ] shall be entitled to represent claimants before the Commissioner of Social Security." The statute also provides that the commissioner "shall notify each claimant in writing ... of the options for obtaining attorneys to represent individuals in presenting their cases before the Commissioner of Social Security. Such

notification shall also advise the claimant of the availability to qualifying claimants of legal services organizations which provide legal services free of charge." 42 U.S.C. § 406(c). The plaintiff contends that the written notice concerning his ability to be represented by an attorney or other person provided to him after he submitted a request for a hearing before an administrative law judge, Record at 58, was not enough;[2] he argues that the administrative law judge was required to inform him at the hearing about the manner in which an attorney could help him in the proceeding, the possibility of obtaining an attorney on a contingency basis or without charge and the limitation of attorney fees to a percentage of back benefits. Itemized Statement at 8. He relies on case law from the Seventh Circuit, which

> require[s] the ALJ to explain to the *pro se* claimant (1) the manner in which an attorney can aid in the proceedings; (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees.

*Binion v. Shalala,* 13 F.3d 243, 245 (7th Cir.1994). When the administrative law judge fails to do so, however, the claimant is not entitled to remand unless the administrative law judge did not develop a full and fair record. *Id.; accord, Clark v. Schweiker,* 652 F.2d 399, 403–06 (5th Cir. 1981). The First Circuit has not adopted this gloss on the statutory language and appears to apply a less rigorous review. *See Evangelista v. Secretary of Health & Human Servs.,* 826 F.2d 136, 142–43 & n. 5 (1st Cir.1987) (claimant was informed of right to counsel in writing and orally when administrative law judge asked, "You know you have the right to have an attorney present at this hearing. . . . Have you considered this matter carefully? . . . Are

you prepared to go ahead without representation?"); *Ramirez v. Secretary of Health, Educ. & Welfare,* 528 F.2d 902, 903 (1st Cir.1976). The First Circuit requires proof of prejudice or unfairness attributable to self-representation in order to warrant remand. *Evangelista,* 826 F.2d at 143.

> The point is not whether [the claimant] handled the matter as well as his current counsel might have done; rather, the point is that he was able to present his case adequately, and that the ALJ was sufficiently forthcoming to meet the attendant burden.

*Id.* The "attendant burden" is one to develop the record adequately. *Id.* at 142.

■ Here, the plaintiff speculates about what an attorney might have done at the hearing, Itemized Statement at 9, but he does not make any showing that an attorney could and would have adduced specific evidence that might have altered the result. *Gullett v. Chater,* 973 F.Supp. 614, 621 (E.D.Tex.1997) (quoting *Brock v. Chater,* 84 F.3d 726, 728 (5th Cir.1996)). As discussed below, the plaintiff fails to show that the administrative law judge did not develop the record adequately or that other relevant evidence was available but not located by the administrative law judge, who obtained a consultative psychiatric evaluation of the plaintiff after the hearing. Record at 41–42, 150–55.

The plaintiff is not entitled to remand on this basis.

### Credibility and Pain

■ The plaintiff contends that the administrative law judge's analysis of his credibility was "quite odd," Itemized Statement at 5, because he concluded that the plaintiff's testimony was not entirely credible "[a]pparently based solely upon" the report of a consulting physician that the

---

**2.** This notice met the requirements of 20 C.F.R. §§ 404.1706 and 416.1506.

plaintiff told him that he left work on July 31, 1998 to care for his injured daughter and not due to his medical impairments, *id.* at 6. He argues that this statement is not inconsistent with his testimony at the hearing, so it cannot form the basis for a conclusion that his testimony in general might not be credible. While the plaintiff responded to the administrative law judge's question whether his stopping work in July 1998 was "in any[ ]way related to" his psoriasis by saying "no," Record at 23, and to the question, "Could you have your old job back or do you feel that one of your medical conditions is worse so that you really could not go back to work?" by saying "Oh, I feel I couldn't have gone back.... [T]hey had already filled the position that I had left.... But towards that time my psoriasis was getting worse again," *id.* at 31, that is not the only comparison to be made for purposes of a credibility analysis. On his application for benefits, the plaintiff stated that he became unable to work "because of my disabling condition" on July 31, 1998 and affirmed that "all information I have given in connection with this claim is true." *Id.* at 67, 69. By his own statement to the physician, and by inference from his testimony before the administrative law judge, this statement on his application was not in fact true.

Further analysis of the plaintiff's argument concerning credibility is hampered by his failure to identify any of his testimony about the limitations imposed by his psoriasis that, if not discounted by the administrative law judge, could have affected the commissioner's decision. He argues that the administrative law judge wrongfully failed to consider his inability to afford medical treatment in this regard, Itemized Statement at 7, but the administrative law judge did not rely on the plaintiff's failure to seek medical treatment in evaluating his credibility. The administrative law judge did state that, after treatment for psoriasis in 1991, "[f]urther medical treatment was not sought until Mr. Steward went to a hospital emergency room in October 1997 due to lumbar strain," Record at 15, and noted that a consulting examining physician remarked that the plaintiff's psoriasis had been untreated for years, *id.*, but there is no suggestion in the opinion that the administrative law judge relied on this gap in treatment in reaching any of his conclusions.

With respect to pain, the plaintiff contends that the administrative law judge failed properly to evaluate his subjective claims. Itemized Statement at 9–13. He refers to his testimony that he can only swing a hammer four or five times and then drops it because he cannot grip it, Record at 24, 33, and that he can sit for an hour and will then have a hard time straightening his back when he stands up, *id.* at 34. A claimant's statements about his pain will not be sufficient, standing alone; there must be medical evidence of an impairment that could reasonably be expected to produce the pain. 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b); *Avery v. Secretary of Health & Human Servs.*, 797 F.2d 19, 21 (1st Cir.1986). The plaintiff does not point to any medical evidence supporting his claimed inability to grip with his hands, if indeed that claim may be reasonably interpreted to be an assertion of pain. The physician who examined the plaintiff as a consultant before the hearing, Gina S. Gomez, M.D., noted the plaintiff's complaint of problems with his right wrist, Record at 143, but found no signs or symptoms to support that complaint, *id.* at 144–45. The consultant did find low back pain "probably secondary to musculoskeletal strain" which "might be aggravated by his work, especially lifting heavy equipment." *Id.* at 145. Assuming that this statement may reasonably be considered to be consis-

tent with the plaintiff's testimony about his inability to straighten his back when he stands after sitting for an hour, there is medical evidence from two other consulting physicians, Lawrence P. Johnson, M.D., and Gary Weaver, M.D., which supports the administrative law judge's conclusion that any impairment caused by the muscle strain in the lower back is not severe. *Id.* at 147, 149 (medical evidence discloses that listed impairments not expected to limit plaintiff's ability to perform basic work-related functions for 12 consecutive months).

Assuming nonetheless that Dr. Gomez's statement triggers further review by the administrative law judge of the plaintiff's claim concerning his back, *see Avery,* 797 F.2d at 23, the plaintiff's assertion that the administrative law judge failed to comply with Social Security Ruling 96–7p and *Avery* is incorrect. The Ruling requires that, whenever the individual's statements about the intensity, persistence or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the administrative law judge must make a finding about credibility based on the medical signs and laboratory findings, the individual's statements about his symptoms, any statements provided by treating or examining physicians and other individuals and other relevant evidence. Social Security Ruling 96–7p (SSR 96–7p), reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp.2002) at 134–35. This requirement need not be reached in this case if Dr. Gomez's statement is taken as demonstrating an underlying physical impairment that could reasonably be expected to produce the plaintiff's asserted difficulty with his back; in that case, the administrative law judge need only evaluate the intensity, persistence and limiting effects of the individual's symptoms. *Id.* at 134. This the administrative law judge did by

referring to the evaluations of the non-examining physicians. Record at 15.

If, as the plaintiff contends, the further requirements of SSR 96–7p are triggered in this case, the administrative law judge complied with those requirements, which incorporate 20 C.F.R. §§ 404.1529(c) and 416.929(c). SSR 96–7p at 135. He considered all of the available medical evidence, Record at 15–16, and asked the plaintiff about his activities of daily living and what precipitated the plaintiff's inability to straighten his back, *id.* at 33–35. When asked specifically when and why he felt disabled, the plaintiff testified that this occurred in November 1998 and was due to worsening of his psoriasis, with no mention of his back. *Id.* at 40. The administrative law judge was entitled to accept the plaintiff's testimony on this point.

There is no error in the commissioner's decision with respect to pain.

### Substantial Evidence

■ The plaintiff asserts that there is a lack of substantial evidence in the record to support the commissioner's findings. Itemized Statement at 2–4. Specifically, he contends that Dr. Gomez erred by failing to evaluate his psoriasis under the criteria provided in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 8.05 ("the Listings"); that Dr. Gomez's statement that "[A]side from the itching, I don't think that psoriasis can be a reason with regards to limitation of his functional capacity," "simply suggests a philosophical view by the doctor rather than any medical analysis;" and that the administrative law judge improperly discounted the evidence concerning his low back pain. Itemized Statement at 3–4. As noted above, two non-examining reviewing physicians found the plaintiff's psoriasis and back pain to be non-severe. Record at 147, 149. This is significant evidence that supports the commissioner's decision. *Rose v. Shalala,* 34

F.3d 13, 19 (1st Cir.1994); *Berrios Lopez v. Secretary of Health & Human Servs.*, 951 F.2d 427, 432 (1st Cir.1991). Even if this were not the case, the plaintiff could not cite any authority for the proposition that an examining consulting physician must apply the Listings to her evaluation of the individual's alleged impairments, and my independent research has located none. The plaintiff offers no persuasive reason why this court should create such a requirement. Finally, the administrative law judge was entitled to rely on Dr. Gomez's less than artfully stated conclusion concerning the lack of functional impairment caused by the plaintiff's psoriasis. The statement may reasonably be interpreted as a conclusion that the psoriasis caused no limitations on the plaintiff's functional capacity for work.[3]

The plaintiff is not entitled to remand on this basis.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

---

**3.** In this regard, the plaintiff's testimony at the hearing was that he felt that he could not go back to work as of November 1998 because "towards that time my psoriasis was getting worse again." Record at 31. He testified that, in general, "when it gets colder [the psoriasis] gets worse." *Id.* at 32; *see* *also* 26–27, 33, 40. This testimony suggests that the worsening of the plaintiff's psoriasis in November 1998 was not different from the worsening that occurred in past winters, as recently as the winter months of 1997, when, by his own account, he was able to work. *Id.* at 87, 95.